Tib Greeley *et al.* v. Lucinda Greeley.

(Filed September 8, 1905.)

1. APPEAL—Evidence Not Reviewed, When. Where the evidence reasonably supports the judgment it will not be weighed by the court for the purpose of determining if the preponderance thereof was not with the other party.

2. PROBATE COURT—Errors of—Waived, When. All errors committed in a case in the probate court are waived by re-filing the case by agreement in the district court, after the papers have been certified to such court.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiff in error.

*H. B. Martin,* for defendant in errror.

Opinion of the court by

Burwell, J.: All of the parties to this action were formerly residents of Iowa. Tib Greeley came to Oklahoma and

purchased the land in controversy, viz: The s. w. 1-4 of sec.
26, in twp. 22, n. of r. 1, w. of the Indian Meridian, in Noble
county, Oklahoma, as he claims, under an agreement with the
appellee, Lucinda Greeley to the effect that she should furnish
the money with which to purchase a farm in this Territory;
that she was to make her home with him and his wife, and in
the event that she became dissatisfied on the farm and wished
to live somewhere else, then he was to pay her seven per cent.
per annum on the amount of money she had invested in the
land; that in consideration of furnishing her a home or paying
her seven per cent. on her investment, the land was to be the
property of Tib Greeley; and he insists that he went into pos-
session of the land under such agreement; all of which is de-
nied by the appellee, who contends that she furnished the
money with which to pay for the land, and took the title in
her own name because it was hers, and that she simply permit-
ted the appellants to live on the land as tenants at will, until
a certain date, when she notified them that if they remained
on the land longer they would have to pay rent. They con-
tinued to occupy the land after such notice, and after demand
duly made for such rent, and refused by appellants, she
brought suit therefor in the probate court, which was finally
certified to the district court. Other actions were commenced
in the different courts, but finally it was agreed between the
different parties that they would waive a jury, and submit all
of their differences in one trial to the district court, reserv-
ing the right to amend the pleadings to conform to the evi-
dence. On this trial was litigated the ownership of the land;
as to whether or not the contract contended for by appellants
was entered into; the right of possession of the land; and also
the question of rents and damages. All of these issues were

determined in favor of Lucinda Greeley, and the court rendered judgment decreeing her to be the owner of the land, and entitled to the possession thereof; that she recover from appellants $150.00 for rents due, together with the further sum of $200.00 as damages for the unlawful detention and occupancy of the land, and for costs.

The appellants have cited many authorities to the effect that a contract such as they claim to have made with the appellee (they having gone into possession under it) is binding, and that they are entitled to a specific performance of the same. But, after a careful examination of the record, we deem it unnecessary to discuss these cases, or the correctness or incorrectness of the rule contended for. The court, from the evidence, found that no such contract was entered into, and further found generally for the appellee, rendering judgment as stated above. The only question which this record presents is as to whether or not the evidence justifies the judgment: and this point must be determined against the appellants. It is true that certain questions of practice are argued, such as allowing the plaintiff (appellee) to amend her pleadings after a demurrer had been sustained to her evidence on a former trial in the probate court. But these matters were all waived by the agreement entered into when the parties consolidated all their cases and agreed to litigate before the district court in one trial all of their differences, and by re-filing the case in the district court at the time of the agreement referred to.

We find no error in the record. The judgment is hereby affirmed at the cost of appellants.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.